Carr, J.
It is clear from the record, and was admitted in the very candid argument of counsel, that the sole matter in contest in the courts below, was, Whether the testator was of sound mind when he executed the will ? The question of due execution of the will, formed no part of the controversy ; and I cannot doubt, that we ought, on this record, to take it as a point admitted by the parties. The record shews, that, in the county court, the due execution of the will was regularly proved. • In the circuit court, it seems from the entry on the record, that before the cause was gone into, the counsel agreed, that, in case of appeal, the testimony, as the same should be taken by the judge, should be used as evidence. This I understand to be a substitution of the judge’s notes of the evidence, for regular depositions, and thus making those notes a part of the record; especially, as we must of necessity conclude, that his statement was examined and agreed to by the counsel. The judge, being aware of this substitution, would of course be more full and particular in taking his notes. Mr. Es-till I take to have been counsel for the appellant, because the judge’s notes shew, that he was the opening counsel. Now the judge begins his notes, thus : “ Mr. Estill states the case, with the circumstances, which are necessary to enable the court, to understand it. The only question is, was the testator of sound mind when he executed the will ?” *527 This is the introduction to the testimony, and was no doubt taken from the lips of Mr. Estill, as he opened the cause, I repeat, it is agreed to, and made part of the record by the counsel, and must be taken by us as forming a portion of the case. The conclusion from it is irresistible to my mind, that the parties were satisfied with the proof of the due execution of the will, and meant only to contest the capacity of the testator. What the parties admit need never be proved. Three of the witnesses to the will are examined before the circuit court, and it is stated by them, that they did witness it, but in that general and incidental way which shews that this was not the matter in contest. It would, I think, have a very mischievous effect, if we were to suffer a party, not merely to stand by, but actively to co-operate in thus turning the cause into another channel, and then come to a superiour court upon some formal point, from which his own conduct has led off the attention of the court below.
With respect to the soundness of the testator’s mind, at the time of executing the will, I am clearly of opinion, that the sentence of the courts below, is correct; and I think it ought in all things to be affirmed.
Cabell, J. I am of the same opinion.
Tucker, P.
I am of opinion, that, in this case, the evidence in behalf of the sanity of the testator preponderates. But this is not sufficient to sustain the sentence of the courts below. The record exhibits no proof of the due execution of the will, according to the statute. The question before us admits of no division : it is integral. We are to pronounce, not upon the mere question of sanity, but upon the propriety of admitting this will to record, as a will of real and personal estate. We can neither infer any admission, nor that any testimony was given, other than what has been inserted in the record; both because the statute requires all the evidence to be spread upon it, and because it appears, that, in point of fact, that was done. The con *528 sequence must be, as I think, a reversal of the sentence; but in what manner and upon what terms, it is important to ascertain.
Before the act of 1810, 1 Rev. Code, ch. 64. § 18. p. 294, which required the testimony to be spread upon the record, in cases of probat, where either party desired to appeal, the appeal brought before this court the whole question of fact as well as of law; and the parties were not tied down to the evidence that had been given in the court below, but were at liberty to fortify it, and to maintain their case by any additional testimony that was deemed necessary. Hence a defect (such.as has occurred in this case) might always have been corrected by farther examinations here. But that cannot now be done. The statute of 1810 declares, that “ it shall not be lawful for the court of appeals in any .civil action to hear or receive parol testimony;” and from that date, this court has always held, that it was confined to the testimony spread upon the record, in all cases concerning mills, roads, probats of wills, or grants of administration. We cannot, therefore, supply the defect in this case by an examination of the attesting witnesses, as to the ceremonies which attended the execution of this will. Yet a reversal out and out, in this case, might produce manifest injustice. It was said by judge Green, in Bagwell v. Elliott, 2 Rand. 200. that “ if a will offered for probat be contested and rejected, this might be used thereafter, as the decision of a competent judicial tribunal, and would condemn it forever.” And in England, a sentence in the ecclesiastical court as to the validity of a will of personalty (as to which alone that court has jurisdiction) is conclusive between the parties to it, until repealed. Phil. Law Ev. [264].* To give to the decision in this case, such an effect, would be in conflict with what, from the facts before us, we suppose may be the justice of this case. What then is the rule of practice, which should be pursued, in order *529 to adapt tho decisions of the court to the principles of justice, under the new state of proceeding established by the statute of 1810 ?
We shall look in vain for precedents to guide us in this matter, among the former decisions of this court, as the difficulty we encounter, could not embarrass those who have gone before us. However, in Wilcox v. Rootes, 1 Wash. 140. we find enough to satisfy us, that the court in pronouncing sentence against the will, thought itself impowered to do so without prejudice to the probat of any other will which might be produced. The necessity of such a precaution is not, indeed, obvious; but its adoption affords evidence of the caution of the court at that time. In the recent case of Smith v. Jones, 6 Rand. 33. this court was of opinion, that the testimony in the record did not sustain the instrument as a valid will of real estate; but the subscribing witness, who put the testator’s name and mark to the will, had not been examined, and it was very probable that his testimony would have supplied the deficiency: And the court sent the cause back, that his testimony might be taken. But, as it appears from the opinion of the judge in that case, that an application had been made to the court below, for an opportunity to procure the evidence of the witness, which was improperly refused, the order sending back the cause for further proceedings, should, perhaps, be ascribed to that error, rather than to any general principle which should govern in cases like the present.
We are driven, therefore, I conceive, to proceed according to well received principles, and analogies in the law. Now, nothing is more clear, than that when a cause, of whatever kind, has been once .fairly and fully heard and decided upon its merits, the judgement or sentence is conclusive between the same parties, in any other controversy about the same matter. The rule of law is, nemo debet bis vexari pro eadem causa, 2 W. Black. 831. 5 Co. 31. 5 Bac. Abr. 440. though, where the action is only miscon *530 ceived, or the judgement is given for a fault in the declaration or pleadings, or upon the manner not the matter of the plea, the judgement is not conclusive of the rights of the parties. So if the party demurs to the evidence, the judgement upon that demurrer, is final and conclusive, and no subsequent suit will lie for the same cause of action. So, if upon a special verdict, the facts are so specially found, as to enable the court to give judgement according to the right of the case, such judgement will be rendered, and will be final and conclusive. But if a special verdict be so uncertain or defective, that the court cannot pronounce judgement according to the right of the case, or if it appears from the verdict itself, that there is some other fact necessary to be ascertained, a venire de novo must be awarded. It is scarcely necessary to cite cases to this point: but that of Bond v. Seawell, 3 Burr. 1773. is too apposite to be omitted. In that case, two of the witnesses to the will had never seen the first sheet of it; but as the court was of opinion, that, if the first sheet was in the room, at the time of attestation, it was sufficient, the special verdict, which had not found as to that fact, was set aside, and a venire de novo awarded.
The same principles run through the whole of our proceedings. Thus, if a bill of exceptions states a case so that the court can clearly discern the right, judgement will be pronounced accordingly; but if it states the case imperfectly, if it shews upon its face, that there is some other matter, which was necessary to have been stated, in order to a fair decision, the case will be sent back for a new trial. So of the pleadings : if the declaration be radically defective, shewing no cause of action whatever, a repleader can never be awarded; but where it does not state a defective case, but only states a good case defectively, a repleader will be awarded; the proceedings will be set aside up to the writ, and the parties permitted to begin de novo. 2 Salk. 579. 5 Bac. Abr. Pleas and Pleadings, M. 3. p. 457. 1 Chitt. plead. 634.
*531 All these principles are but contrivances of the courts to J .1 come at the justice of the case; to prevent, on the one hand, the renewal of litigation on a matter once fully adjudicated, and, on the other, to avoid rendering a final and con-elusive sentence, where the proceedings themselves evince, that there is some fact not ascertained, which is susceptible of being established, and which ought to be ascertained, in order to enable the judge to pronounce judgement according to the right of the case.
Pursuing these principles, I am of opinion, that where the court sees that the whole case on a question of probat, is fairly before it, it ought to pronounce a general and definitive sentence, affirming or reversing the sentence of the court below: but where it is obviously otherwise, it is in its discretion, to send the cause back for further proceedings, unless the conduct of the party has excluded him from the privilege.
Thus, in the case before us : the defect is, that there is no testimony in the record, as to the execution of the will. Yet there are six subscribing witnesses. These witnesses would prove, that the will either was, or was not, duly executed. At present, they prove neither. Hence we see, that the very gist of the case is not presented. The essential fact is susceptible of being ascertained, but is not ascertained. This court has no information about it. Therefore, in my opinion, the cause ought to be sent back. This is the more reasonable here, as the decision of the court in favour of the will, or some agreement, not appearing in the record, admitting the execution of it, hl&y have lulled the executors into security. A party can never he in fault for not producing farther testimony, when the tribunal which sits in judgement upon his case, tells him there is sufficient. If that tribunal be mistaken, he is surely entitled to a new hearing of the cause.
But the other judges being satisfied with the sentence, in all respects, it is affirmed.

 New York edi. of 1820.